UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TITO KNOX,

          Petitioner,

v.

B.R. JETT, Warden,

          Respondent.

Civil No. 10-4845 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.  BACKGROUND**

Petitioner is a civilly committed inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He was committed after being found not guilty by reason of insanity in a federal criminal case in South Carolina. As noted

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

1

above, Petitioner is seeking a writ of habeas corpus under 28 U.S.C. § 2241.

This is not the first time that Petitioner has sought habeas corpus relief under § 2241. In 2007, he filed a § 2241 habeas corpus petition in the United States District Court for the District of South Carolina. Knox v. United States, Civil Action No. 9:07-1792-HMH-GCK, (hereafter "Knox I"). The petition in Knox I was assigned to a magistrate judge for a Report and Recommendation, ("R&R"). The magistrate judge summarized the factual background of Petitioner's case as follows:

> "On June 13, 2005, Greenville County [South Carolina] Sheriff's Deputy Travis Graham was called to 4 McGee Street in Greenville after receiving a report of a suspicious person discharging a firearm. Deputy Graham arrived on the scene and observed Petitioner lying on the ground near an old white house. Petitioner was crawling on the ground and was running his hand across a string, which was one of many stretched across the ground. Deputy Graham asked Petitioner what he was doing and Petitioner replied he was petting a snake. Deputy Graham did not observe a snake. Deputy Graham asked if he had a gun, and Petitioner stated he had a BB rifle in his truck and pointed toward a red truck near him. Deputy Graham asked if he had any other guns, and Petitioner said no. Deputy Graham removed the gun from the truck and secured it in his patrol car. Backup Deputy J. Garner arrived and spoke with neighbors, who were Petitioner's relatives; they told the officers that Petitioner had a mental condition and had a handgun on his person and had fired it toward the roadway prior to Deputy Graham's arrival. A Ruger .357 revolver was seized from Petitioner, who was charged as a felon in possession of a firearm and with the unlawful carrying of a pistol."

Knox I, (D.S.C. 2008), 2008 WL 2168871 at *1.

On June 19, 2007, the district court conducted a pretrial conference and suppression hearing in Petitioner's South Carolina criminal case. (Id. at *2.) The judge denied Petitioner's motion to suppress certain inculpatory evidence obtained during the course of Petitioner's apprehension. (Id.) Later that same day, the judge found that although Petitioner was competent to stand trial for the charged offense, he was not

2

guilty by reason of insanity. (Id., at *3.)

When a defendant is found not guilty by reason of insanity in a federal criminal case, the presiding judge must conduct a hearing to determine whether the defendant poses "a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d). If the judge finds that the defendant does pose such a risk of harm to others, then the defendant must be committed to the custody of the Attorney General. 42 U.S.C. § 4243(e). The Attorney General must detain the defendant until the judge determines that the defendant is no longer a danger to others, and the defendant should therefore be discharged. 42 U.S.C. § 4243(e),(f).

In Petitioner's South Carolina criminal case, the judge conducted a hearing in accordance with 18 U.S.C. § 4243, and found that Petitioner was suffering from a mental disease or defect that caused him to be potentially dangerous. Knox I, 2008 WL 2168871 at *9. Therefore, the judge ordered that Petitioner be committed to the Attorney General for treatment pursuant to § 4243(e), "until he was no longer a threat to himself or others." Id. at *3. Petitioner filed a motion for reconsideration, but the motion was denied. Id. Pursuant to the trial judge's commitment order in the criminal case, Petitioner was sent to FMC-Rochester. (Id.)[2]

---

[2] Although Petitioner is at FMC-Rochester at this time, he has not been there continuously since 2007. In 2008, Petitioner was granted a conditional discharge from his commitment, pursuant to 18 U.S.C. § 4243(f). However, in 2009, Petitioner's conditional discharge was revoked pursuant to § 4243(g). Petitioner appealed the revocation order, but the Fourth Circuit Court of Appeals upheld that ruling. United States v. Knox, 350 Fed.Appx. 797 (4th Cir. 2009) (per curiam) (unpublished opinion). Petitioner apparently was returned to FMC-Rochester sometime after the revocation of his conditional discharge.

Shortly after Petitioner was committed to the Attorney General at the conclusion of his criminal case, he filed his § 2241 habeas corpus petition in Knox I. That petition challenged several rulings made by the trial judge in Petitioner's recently completed criminal case, including the ruling on his suppression motion. Petitioner contended that his Fourth Amendment rights had been violated, because the deputies who arrested him had no legal right to enter the property where he was arrested, and they conducted an illegal search and seizure. Id.

In December 2007 and January 2008, Petitioner filed motions in Knox I, which raised new claims. Id. In two of those motions, Petitioner contended that the trial judge in his criminal case had failed to conduct the hearing required by § 4243 – i.e., a hearing to determine whether Petitioner was suffering from a mental disease or defect that caused him to be dangerous to others. Id. at *3, 8-9.

The magistrate judge in Knox I determined that Petitioner could properly "contest the illegality of his civil commitment through a habeas petition filed under Section 2241." Id. at *4. Therefore, the claims that Petitioner raised in his original habeas petition, and in his subsequent supplemental motions, were considered and decided on the merits in Knox I. After addressing Petitioner's Fourth Amendment claims, and several other issues, the magistrate judge turned to Petitioner's claim that he had not been granted a hearing on his mental condition and his potential danger to others, as required by § 4243. The magistrate judge found that claim to be "patently without merit." Id. at *9. The magistrate judge found that "Petitioner had his hearing on June 19, 2007." Id. (emphasis in the original). The R&R explained that –

"[T]he Petitioner's commitment by the District Court was pursuant to

4

Section 4243(e), [and was] made after the requisite finding of potential danger. The Respondent has provided the Court with the complete trial transcript which revealed the District Court followed proper procedure.... [Citation omitted.] As discussed above, <u>the hearing that Petitioner claims was not held, was, in fact held</u> immediately following the District Court's bench trial and return of verdict of not guilty only by reason of insanity.

According to the record... once the District Court returned the judgment of not guilty only by reason of insanity, the Government then moved that Petitioner be committed for further treatment based upon Title 18, United States Code, Section 4243. In support of its motion, the Government orally placed on the record for the District Court's consideration portions of Petitioner's prior criminal history to include the following: 1994 assault and battery with intent to kill; a second assault and battery; 1994 money laundering; possession of cocaine; 1994 possession with intent to distribute marijuana; and possession with intent to distribute crack cocaine. The District Court then ordered Petitioner be committed.... [Citation omitted]

It is evident from the District Court proceedings, supported by the transcript, and the e-mail from Petitioner's caseworker, that his commitment was and is pursuant to 18 U.S.C. § 4243, et seq , including subsection (e). The Court cannot conclude otherwise."

Knox I, 2008 WL 2168871 at *9 -10 (emphasis added).

Petitioner filed objections to the magistrate judge's R&R in Knox I, which prompted the presiding district court judge to conduct "a thorough review" of the record. Knox I, 2008 WL 2168866 at *2. In an Opinion and Order dated May 20, 2008, the district court judge overruled Petitioner's objections, adopted the magistrate judge's R&R, and denied Petitioner's habeas corpus petition, including all of his subsequent supplemental motions and amendments. Id. at *3.

After the district court judge dismissed Knox I, Petitioner filed an appeal. However, the Fourth Circuit Court of Appeals "reviewed the record," and affirmed the dismissal of Petitioner's habeas corpus petition "for the reasons stated by the district court." Knox v. United States, 297 Fed.Appx. 254 (4th Cir. 2008) (per curiam)

(unpublished opinion).

Petitioner's current § 2241habeas corpus petition was filed on December 8, 2010. Petitioner now claims that –

> "I was denied civil committ [sic] hearing. Hearing would had released [sic] if finding of Non Dangerous. I had a right by law to hearing."

(Petition, [Docket No. 1], p. 3, 9.)

The current petition includes an addendum, in which Petitioner reiterates his contention that he was civilly committed to the custody of the Attorney General without being afforded the hearing prescribed by 18 U.S.C. § 4243. (Petition, Addendum, p. 2.)[3]

The failure to conduct a hearing claim that is raised in the current petition is indistinguishable from the one that Petitioner raised in his previous habeas petition. That claim was heard and rejected on the merits in Knox I. Therefore, the present petition is a "successive petition" that is barred by 28 U.S.C. § 2244(a).

## II. DISCUSSION

28 U.S.C. § 2244(a) states that:

> "No circuit or district court judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

This statute prohibits prisoners from filing a successive habeas corpus petition that seeks to re-raise claims that have already been raised and adjudicated on the

---

[3] Petitioner's addendum suggests that the hearing required by § 4243 is subject to a 30-day deadline, but that is clearly erroneous. The statute refers only to a 40-day deadline, (in § 4243(c)), and never mentions any 30-day period of time.

merits in a prior habeas proceeding. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (habeas petition presenting claims that had been adjudicated on the merits in a prior habeas case was a "successive petition" barred by § 2244(a)); Stanko v. Davis, 617 F.3d 1262, 1270 (10th Cir. 2010) (district court properly relied on § 2244(a) to dismiss habeas claims that had been decided in a previous habeas case); Graham v. Warden of FCI Allenwood, 348 Fed.Appx. 706, 707 (3rd Cir. 2009) (unpublished opinion) (second habeas petition need not be considered, because the relief requested was denied in a previous habeas case).

In this case, Petitioner is seeking federal habeas review of a claim that has already been adjudicated on the merits in a previous habeas corpus case.[4] Petitioner is claiming that he was deprived of the hearing required by § 4243. However, the "failure to conduct a hearing" claim presented here was previously raised in two motions that Petitioner filed in Knox I. The claim was addressed on the merits by the magistrate judge in the prior § 2241 case, and he explicitly determined that Petitioner was given the hearing required by § 4243. Knox I, 2008 WL 2168871 at *9-10. That determination was upheld by the district court judge, and by the Fourth Circuit Court of Appeals.

---

[4] Although the current petition is not a model of clarity, there can be no doubt that Petitioner is presently challenging his original commitment order – i.e., the same commitment order at issue in Knox I. The Court notes, in particular, that there is no reason to believe Petitioner is challenging the subsequent order that revoked his conditional discharge. (See n. 2, supra.) The present petition specifically refers to the order that effected Petitioner's civil commitment to the Attorney General, and it makes no mention of any discharge or revocation proceedings. In any event, Petitioner did receive a hearing before his conditional discharge was revoked, so he could not credibly claim that he was wrongly denied a hearing in connection with that revocation. See United States v. Knox, Crim. No. 6:06-269-HMH, (D.S.C. 2009), "Opinion and Order" dated May 12, 2009, [Docket No. 84], p. 2. (This order is accessible by means of CM/ECF – the electronic filing system maintained by the federal courts.)

Because the claim presented in Petitioner's current habeas corpus petition was heard and decided on the merits in Knox I, the current petition is a successive petition, which is barred by § 2244(a). The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Lastly, having determined that this action must be summarily dismissed pursuant to § 2244(a), the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).[5]

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED** pursuant to 28 U.S.C. § 2244(a).

Dated: December 10, 2010        s/ *Jeanne J. Graham*
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

---

[5] The Court notes that Petitioner neglected to sign his IFP application, as required by Fed. R. Civ. P. 11(a). Ordinarily, Petitioner would be required to cure that omission, failing which the IFP application would be stricken, and the case would be summarily dismissed for failure to prosecute. Here, however, it would serve no useful purpose to impose such a condition, because this action must be summarily dismissed in any event, for the reasons discussed herein.

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 29, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.